*Rrukaj v. Sessions*

BIA
Cheng, IJ
A201 295 158

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

KLISMAN RRUKAJ,
> *Petitioner,*

v.                                                    15-2939
                                                      NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL*,

> *Respondent.*

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

**FOR PETITIONER:**     Joshua Bardavid, New York, New York.

**FOR RESPONDENT:**     Benjamin C. Mizer, Principal Deputy
Assistant Attorney General; Holly M.
Smith, Senior Litigation Counsel;
Juria L. Jones, Trial Attorney;
Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Klisman Rrukaj, a native and citizen of Albania, seeks review of an August 21, 2015, decision of the BIA affirming a November 24, 2014, decision of an Immigration Judge ("IJ") denying Rrukaj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Klisman Rrukaj,* No. A201 295 158 (B.I.A. Aug. 21, 2015), *aff'g* No. A201 295 158 (Immig. Ct. N.Y. City Nov. 24, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of

2

review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (reviewing adverse credibility determination for substantial evidence).  The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility ruling on inconsistencies between an asylum applicant's testimony and other record evidence.  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's determination that Rrukaj was not credible.  The agency reasonably based its credibility ruling on three discrepancies between Rrukaj's testimony and the record evidence.  First, Rrukaj's testimony that his sister Xhoana could not testify because she lived in Michigan conflicted with his asylum application listing her current location as New York.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Second, his testimony that he was treated at Shkoder Hospital after being attacked in 2010

3

contradicted the medical report he submitted, which was authored by a doctor from Kelmend Commune Health Center. *Id.* Third, Rrukaj told the asylum officer at his credible fear interview that neither he nor any of his family members were involved in politics, but his asylum application and testimony focused on his father's involvement with political opposition parties, which was a central aspect of his claim. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). The agency reasonably rejected Rrukaj's explanations for these discrepancies. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

In this Court, Rrukaj does not challenge these inconsistency findings, but alleges for the first time that the agency improperly overlooked a declaration from his parents which rehabilitates his testimony and requires remand. We decline to consider this issue because Rrukaj failed to exhaust it before the agency. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (issues must generally be raised before the BIA in order to be preserved for judicial review).

4

The IJ reasonably concluded that Rrukaj's corroborating evidence did not rehabilitate his inconsistent testimony, especially because he did not offer affidavits or testimony from his sisters in the United States or submit country conditions evidence regarding whether individuals in Albania are targeted on account of their family members' political activities. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Given the multiple inconsistencies between Rrukaj's testimony and the record evidence and his lack of rehabilitative corroborating evidence, the totality of the circumstances supports the agency's credibility finding. *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. Because Rrukaj's claims for asylum, withholding of removal, and CAT relief were based on the same factual predicate, the adverse credibility determination is dispositive of all three forms of relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

5

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b)

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk